IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

**RONNA RIVERO,**

    **Plaintiff,**

v.                                                                                  CASE NO.:

**DIOCESE OF PALM BEACH, INC. d/b/a
SACRED HEART CATHOLIC CHURCH,**

    **Defendant.**
_____/

## COMPLAINT

Plaintiff, RONNA RIVERO, by and through her undersigned counsel, hereby sues the Defendant, DIOCESE OF PALM BEACH, INC. d/b/a SACRED HEART CATHOLIC CHURCH, a Florida corporation and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

2. Venue lies within United States District Court for the Southern District of Florida, West Palm Beach Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Plaintiff, RONNA RIVERO (hereinafter as "Rivero" or "Plaintiff"), is a resident of Palm Beach County, Florida at all times material and was an employee of Defendant within the meaning of the Family and Medical Leave Act (FMLA).

4. Defendant, DIOCESE OF PALM BEACH, INC. d/b/a SACRED HEART

CATHOLIC CHURCH (hereinafter as "Diocese" or "Defendant"), is a Florida corporation authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

9. Plaintiff began her employment with Defendant in or around September 2009 as a full time Secretary/Office Administrator and Bulletin Editor.

10. On or around July 29, 2018, Plaintiff was admitted to the hospital with a broken ankle and scheduled for surgery the following day.

11. On August 9, 2018, Plaintiff was approved for FMLA.

12. On September 11, 2018, while out on approved FMLA, Plaintiff had a stroke.

13. During her FMLA, Plaintiff called Benefits Assistant, Sandy Malden, who assured her that her job would be protected and would return to her same position.

14. On October 15, 2018, when Plaintiff returned to work, she was notified by Reverend Quesnel Delvard that her hours were reduced from full time to part time (20 hours a week).

15. Plaintiff was forced to seek another part-time job in order to supplement her needed

medical insurance.

16. On November 4, 2019, Plaintiff was constructively discharged.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

17. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 16.

18. Plaintiff is an individual entitled to protection under the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

19. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months and had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding his FMLA leave.

20. Plaintiff is a covered employee within the meaning of FMLA.

21. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant interfered with Plaintiff's lawful right to apply for and take FMLA leave and to be reinstated to the same or equivalent job position upon her return from her FLMA.

22. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights and constitute violations of the FMLA.

23. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, RONNA RIVERO, prays for judgment against the Defendant, DIOCESE OF PALM BEACH, INC. d/b/a SACRED HEART CATHOLIC CHURCH, for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Liquidated damages;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

  g. For any other relief, this Court deems just and equitable.

## COUNT II
## (FAMILY AND MEDICAL LEAVE ACT -- RETALIATION)

24. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 16.

25. Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for time off and utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to not reinstate Plaintiff to her same or similar job position as her hours were reduced.

26. Defendant's actions constitute a violation of the FMLA.

27. As a result of Defendant's actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, RONNA RIVERO, prays for judgment against the Defendant, DIOCESE OF PALM BEACH, INC. d/b/a SACRED HEART CATHOLIC CHURCH, for the following damages:

  a. Back pay and benefits;

  b. Prejudgment interest on back pay and benefits;

  c. Front pay and benefits;

  d. Liquidated damages;

  e. Attorneys' fees and costs;

  f. Injunctive relief; and

      g.      For any other relief, this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

28.    Plaintiff, RONNA RIVERO, requests a jury trial on all issues so triable.

Dated this 7th day of July 2020.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/Christopher D. Gray*
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary:  chris@fgbolaw.com
Secondary:  debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff